OPINION *Page 2 
{¶ 1} Appellant Margaret J. Sabo appeals the decision of the Court of Common Pleas, Muskingum County, which denied her motion for a new trial in a personal injury lawsuit brought against Appellee Adam J. Wahl. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 27, 2002, appellant was driving her automobile, a Buick Park Avenue, in Zanesville, Ohio, with Rick Moorehead as a passenger. On that date, her vehicle was rear-ended by a Ford Mustang driven by appellee.
 {¶ 3} On July 12, 2004, appellant and Moorehead filed a complaint in the Muskingum County Court of Common Pleas against appellee, Mary Jo Wahl (the alleged owner of the vehicle driven by appellee), and Wayne Mutual Insurance Company (appellant's insurer). The complaint alleged that appellee had negligently operated his motor vehicle and failed to maintain an assured clear distance ahead, causing appellant to suffer injuries as a result of the collision. The complaint also sought medical payments benefits and uninsured/underinsured coverage under appellant's Wayne Mutual policy.
 {¶ 4} The matter proceeded to a jury trial on July 12, 2006. Appellee did not dispute fault in causing the accident. However, after hearing the evidence, the jury returned a verdict against appellant and Moorehead, and the trial court entered judgment in favor of appellee on July 14, 2006.
 {¶ 5} On July 28, 2006, appellant filed a motion for a new trial (citing Civ.R. 59(A)(8)) and for judgment notwithstanding the verdict ("JNOV"), for reasons further *Page 3 
discussed infra. The trial court thereafter permitted both sides to brief the issues. On October 11, 2006, the trial court denied appellant's motion for a new trial and JNOV.
 {¶ 6} On November 8, 2006, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT REFUSED TO SET ASIDE THE JURY VERDICT AND ORDER A NEW TRIAL PURSUANT TO CIV.R. 59(A)(8) WHERE THE DEFENDANT INTENTIONALLY WITHHELD IMPEACHMENT EVIDENCE IN THE FORM OF A PRIOR BWC CLAIM CLAIM (SIC) ATTRIBUTED TO THE PLAINTIFF THAT THE BWC LATER ADMITTED WAS THE PRODUCT OF A CLERICAL ERROR."
 I. {¶ 8} In her sole Assignment of Error, appellant contends the trial court committed reversible error in denying her motion for a new trial. We disagree.
 {¶ 9} Civ.R. 59(A) states in pertinent part: "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 10} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 {¶ 11} Our standard of appellate review on a motion for new trial is abuse of discretion. Anthony v. Hunt (Feb. 9, 1998), Stark App. No. 1997CA00170. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, *Page 4 
arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Before a new trial based on new evidence is granted under Civ.R. 59(A)(8), the moving party must show that "* * * (1) the evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5), it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence." (Emphasis omitted.) Morris v.Morris (Jan. 31, 2000), Stark App. No. 1999CA00117, quoting Douglas Elec.Corp. v. Grace (1990), 70 Ohio App.3d 7, 16, 590 N.E.2d 363.
 {¶ 12} In her deposition in the case sub judice, appellant denied ever filing a claim for workers compensation. Sabo Deposition at 34. Subsequently, during the trial, appellee's counsel elicited testimony from appellant, on cross-examination, to the effect that appellant specifically denied having a prior claim for a neck injury in 1997. Tr. at 129-130. Appellee's counsel, however, then impeached appellant's said testimony via a document downloaded from the Ohio Bureau of Workers Compensation website, indicating that in 1997 a "Margaret J. Sabo" had reopened a workers compensation claim, including a claim for a neck sprain. Id.; Defendant's Exhibit A. It is undisputed this document had not been produced by appellee pursuant to discovery requests in the case made by Wayne Mutual Insurance. Although appellant, during re-direct, denied on the stand ever making the 1997 claim (Tr. at 135-136), the trial court ultimately admitted the Workers Compensation document. *Page 5 
 {¶ 13} Appellant's counsel further investigated the issue after the trial and found that by sheer coincidence another individual named "Margaret J. Sabo" had also filed a workers compensation claim in 1991. Moreover, this "other" Sabo claim was re-opened in 1997, but due to a clerical error, appellant's file incorrectly indicated the re-opened claim was her own. Appellant's refutation of defense counsel's impeachment attempt became the basis for the new trial motion.
 {¶ 14} As we find it dispositive in this appeal, we are compelled to address the first prong of the Douglas Electric test, i.e., whether the new evidence would "probably" change the result of the trial if a new trial were to be granted. We note appellant's motion for new trial urged" * * * it is apparent that the jury punished Margaret Sabo (and rightly so) on the basis of what appeared to be reliable and convincing impeachment evidence." Plaintiffs' Motion for New Trial, July 28, 2006, at 5.
 {¶ 15} Certainly, the record reflects that the jury heard the relatively favorable videotaped deposition of plaintiff's witness Andrew Stiegler, D.C., who treated appellant after the automobile accident of July 27, 2002. According to Dr. Stiegler, the proximate cause of appellant's condition upon treatment was, to a reasonable degree of chiropractic certainty, this accident. Stiegler Deposition at 14. He also opined that appellant's course of treatment was reasonable and necessary, to a reasonable degree of chiropractic certainty. Id.
 {¶ 16} However, based on our review of the record, we find appellant's proposition that the jurors "punished" her in this case because of defense counsel's ultimately mistaken impeachment document is too speculative for this Court to reverse on an abuse of discretion standard. Most notably, appellant and Rick Moorehead tried *Page 6 
this case as co-plaintiffs; the jury, hearing both together, also reached a zero verdict in regard to Moorehead. Furthermore, while the impeaching 1997 claim document might have caused the jurors to infer that appellant had a pre-existing condition or to doubt her credibility, it appears undisputed that appellant did have a workers compensation claim the early 1990s, contrary to her deposition testimony denying any claims. See Appellant's Brief at 2, Appellee's Brief at 4; Tr. at 135-136.
 {¶ 17} Upon review, as we are unconvinced that the new evidence refuting appellee's impeachment evidence would "probably" change the result if a new trial were granted in this matter, we are not inclined to hold that the trial court acted unreasonably, arbitrarily, or unconscionably in denying a new trial. Appellant's sole Assignment of Error is overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
Wise, J. Gwin, P. J., concurs.
 Hoffman, J. dissents. *Page 7