JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Timothy F. McCarthy (McCarthy) appeals the trial court's sua sponte order of a new trial and the trial court's evidentiary rulings during trial. For the following reasons, we affirm.
 {¶ 2} On July 26, 2006, plaintiff-appellee Heather M. Crain (Crain) filed her complaint against McCarthy alleging negligence and strict liability for injuries sustained during a motor vehicle accident.
 {¶ 3} On April 23, 2007, the case proceeded to a jury trial. During the trial, McCarthy admitted fault. (Tr. 62-64, 151.) McCarthy also testified that he was cited for failure to control his motor vehicle. (Tr. 58.)
 {¶ 4} Near the close of the case, McCarthy moved to admit five photographs into evidence that were not previously disclosed to Crain. The trial court found that counsel for McCarthy acted in bad faith:
 "I find that there has been less than good faith here. Actually there's been bad faith in the discovery process. * * * [Y]ou can call it a mistake if you want, but this court has no tolerance for sloppy lawyering." (Tr. 171.)
 {¶ 5} The trial court offered to entertain a motion for mistrial, which was declined by Crain. On April 25, 2007, the jury returned a verdict in favor of Crain in the amount of $4,200. On April 27, 2007, the trial court journalized the following:
 "Pursuant to Ohio Civil Rule 59(D), the court sua sponte hereby orders a new trial in this matter on the following grounds: Towards the end of *Page 4 
the trial in this matter it was discovered that the defendant had failed to disclose and provide to plaintiff photographs of the defendant's vehicle. The plaintiff had submitted discovery requests which would have required the disclosure of the undisclosed photographs. By stipulation of the parties (filed 2/5/07), the defendant was provided until 3/10/07 to respond to plaintiff's discovery requests. Notwithstanding this fact, the defendant, while providing responses to certain portions of plaintiff's discovery requests, failed to provide plaintiff with copies of the photographs that were disclosed at the close of the trial in this matter. This court finds that the defendant's failure to produce photographs that were relevant and pertinent to plaintiff's case is sufficient reason for a new trial pursuant to Ohio Civil Rule 59(A)(1), (2), (3), and/or (8). Furthermore, Ohio Civil Rule 59(A) also states that in addition to the reasons set forth in Ohio Civil Rule 59(a)(1)-(9), a new trial may also be granted in the sound discretion of the court for good cause shown. The court finds that the defendant's failure to produce photographs that were relevant and pertinent to plaintiff's case constitutes good cause for a new trial. Within twenty-one (21) days of the date of this order, either party may request a hearing to allow the parties an opportunity to be heard as to why this court's order requiring a new trial shall not stand. In the event that a hearing is not requested within twenty-one (21) days of the date of this order, this court's order requiring a new trial will stand, and a pre-trial will be scheduled for the purpose of setting a discovery schedule to allow plaintiff an opportunity to evaluate the photographs and to schedule a new trial date."
 {¶ 6} On May 2, 2007, McCarthy requested a hearing. However, prior to the trial court scheduling a hearing, on May 25, 2007, McCarthy filed a notice of appeal.
 {¶ 7} The facts giving rise to the instant case occurred on January 2, 2003, at approximately 6:15 p.m., on Interstate 90 eastbound, near the East 222 Street exit. The interstate was heavy with rush hour traffic and it was dark and snowing. McCarthy and his wife were driving a Chevrolet Blazer home from the airport. Crain was in the front passenger seat of a Kia Spectra that her cousin was driving. Crain and her cousin had just entered the highway on their way to the mall. *Page 5 
 {¶ 8} McCarthy lost control of his Blazer as he proceeded over ice and, as a result, the Kia Spectra struck the rear of McCarthy's Blazer. Next, McCarthy's Blazer spun around at a one-hundred-eighty-degree angle.
 {¶ 9} Crain testified that, at this point, the Kia sustained a second impact with the Blazer. However, McCarthy and his wife both testified that they sustained a second impact, but not with the Kia. Rather, McCarthy and his wife testified that they sustained a second impact when their Blazer struck the opposite retaining wall. (Tr. 61, 144-145.)
 {¶ 10} Crain sustained personal injuries as a result of the motor vehicle accident including: acute cervical strain, acute neck strain, posttraumatic headaches, acute lumbar, lumbosacral, and sacroiliac lower back strain, pelvic tilt, and a right knee contusion with effusion or fluid on the knee.
 {¶ 11} McCarthy appeals, raising three assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE "The trial court erred and abused its discretion in sua sponte ordering a new trial pursuant to Civ. R. 59(D) based upon erroneous grounds that do not justify granting a motion for a new trial pursuant to the Civ. R. 59(A)."
 {¶ 12} McCarthy argues that the trial court abused its discretion when it sua sponte ordered a new trial pursuant to Civ. R. 59.
 {¶ 13} "Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be *Page 6 
reversed only upon a showing of abuse of discretion by the trial court."Rhode v. Farmer (1970), 23 Ohio St.2d 82, at paragraph one of the syllabus. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 14} Civ. R. 59 sets forth the means by which a trial court may grant new trials, whether by motion or on the initiative of the trial court, and reads:
 "(A) Grounds. * * * [A] new trial may also be granted in the sound discretion of the court for good cause shown.
 When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted.
 * * *
 (D) On initiative of court. Not later than fourteen days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party."
 {¶ 15} The trial court, in its journal entry, granted the new trial based upon Civ. R. 59(A)(1), (2), (3), and/or (8) and in its sound discretion. However, Civ. R. 59(A)(1) is inapplicable to the instant case because the irregularity in the proceeding is not attributable to the trial court, the jury, or the prevailing party, but to McCarthy. Furthermore, Civ. R. 59(A)(2) is not applicable because neither the jury nor the prevailing party committed misconduct. *Page 7 
 {¶ 16} However, Civ. R. 59(A)(3), cited by the trial court in support of its decision to grant a new trial, is applicable to this case. Ordinary prudence could not have prevented the accident or surprise in the instant case. All procedural measures regarding discovery were instituted in the instant case.
 {¶ 17} Additionally, Civ. R. 59(A)(8) is wholly applicable to the instant case. Six factors must be satisfied in order to grant a new trial pursuant to Civ. R. 59(A)(8):
 "Before a new trial based on new evidence is granted under Civ. R. 59(A)(8), the moving party must show that * * * (1) the evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5), it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence." Sabo v. Wahl, 5th Dist. No. CT2006-0074, 2007-Ohio-5296.
 {¶ 18} In applying Sabo to the facts of this case, it is clear that the photographs are not only material to the issues in this case, but the result of trial would probably change. At issue in this case was whether Crain's and McCarthy's vehicles collided once or twice with each other. Also at issue in the instant case is the extent of the injuries that Crain sustained in light thereof. The photographs that McCarthy failed to submit to Crain during discovery reveal that McCarthy's vehicle sustained both front and rear-end damage.
 {¶ 19} Crain, with reasonable diligence, requested all relevant photographs during discovery and even agreed to provide McCarthy additional time to exchange *Page 8 
discovery. There is no basis upon which to believe that Crain could have otherwise obtained these photographs prior to trial.
 {¶ 20} Furthermore, the photographs are not merely cumulative of former evidence because there are no other photographs in evidence of the damage sustained to McCarthy's motor vehicle. Nor do the photographs merely impeach or contradict former evidence. The photographs were not discovered until after commencement of trial. Therefore, the trial court properly granted a new trial on its own initiative pursuant to Civ. R. 59(A)(8) and Civ. R. 59(D).
 {¶ 21} McCarthy argues that the trial court is not permitted to grant a new trial where the trial court has a difference of opinion regarding evidence or disagrees with the jury verdict. In the case sub judice, however, it is clear that McCarthy failed to provide relevant photos to Crain during discovery, only to move to admit them into evidence during trial. Thus, it is clear that the trial court's decision to grant a new trial is not simply a matter of difference of opinion regarding evidence or a disagreement over the jury verdict.
 {¶ 22} Upon a review of the trial court's side bar with all counsel and the trial court's thorough journal entry specifying the grounds upon which it granted a new trial, it cannot be said that the trial court abused its discretion in granting a new trial for good cause shown.
 {¶ 23} McCarthy's first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO *Page 9 "The trial court abused its discretion by permitting Ms. Crain's expert, Dr. Matthew Keum, to testify about the treatment and medical expenses incurred by Ms. Crain ten months after the accident when there was no evidence causally connecting Dr. Keum's treatment and medical expenses to the accident."
 {¶ 24} In light of our ruling on McCarthy's first assignment of error, McCarthy's second assignment of error is moot.
ASSIGNMENT OF ERROR NUMBER THREE "The trial court abused its discretion by permitting Ms. Crain to testify about physical injuries, symptoms and medical treatment, as well as admit several exhibits of medical expenses and treatment, that had not been causally related to the automobile accident by competent medical expert testimony."
In light of our ruling on McCarthy's first assignment of error, McCarthy's third assignment of error is moot.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 James J. Sweeney, A.J., and Mary J. Boyle, J., Concur *Page 1